## UNITED STATES of America

### v.

**Rigoberto MARTINEZ–MACIEL, a/k/a Feliciano Montelango, a/k/a Rigoberto Martinez, a/k/a Ricardo Martinez–Maciel, a/k/a Rigoberto Martinez–MacIll, a/k/a Ricardo Sanchez Martinez, a/k/a Rodrigo Sanchez–Rivera, a/k/a Rodrigo Martinez Sanchez Rigoberto Martinez–Maciel, Appellant.**

No. 02–4505.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 21, 2003.

Decided Dec. 11, 2003.

---

Bonnie R. Schlueter, Paul M. Thompson, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Karen S. Gerlach, Office of Federal Public Defender, Pittsburgh, PA, for Appellant.

Before ALITO, FUENTES, and ROSENN Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

As we write for the parties only, we do not set out the background of this case. We see no need to determine whether the evidence was improperly admitted because any error that might have occurred was harmless.

"Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." Fed.R.Crim.P. 52(a). Here, it is "highly probable" that exclusion of the evidence would not have changed the verdict. *Government of Virgin Islands v. Toto*, 529 F.2d 278, 284 (3d Cir.1976). The defendant claims that the District Court erred by allowing the victim to testify that he had received threats from the defendant's fellow gang members. Even if this testimony had been excluded, the jury still would have heard overwhelming evidence of the defendant's guilt. Both the victim and another eye-witness identified the defendant as the assailant. In addition, the jury saw the one-two punch of a grainy video tape in which the assailant slugged the victim with his right hand and a photograph taken of the defendant's swollen right hand shortly after the assault. The knock-out blow may have come when the jury was presented with the defendant's confession. In short, we possess a "sure conviction that [any] error did not prejudice" the defendant. *United States v. Jannotti*, 729 F.2d 213, 219–220 (3d Cir.1984).